THE COLUMBIAN NATIONAL LIFE INSURANCE COMPANY *vs.* INDUSTRIAL TRUST COMPANY *et al.*

MARCH 10, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

PER CURIAM. Since the opinion of this court in this case was filed, the respondents have, by leave of the court, filed what is entitled a motion for reargument but which is rather of the nature of a written reargument on several of the vital issues in the case. Therein they first contend that the law of Massachusetts with regard to the contract of insurance, which this court held was made in Boston and was therefore a Massachusetts contract, has not been considered by this court. They then submit, as proof of the law of that State, what they say is a provision in a certain statute and also cite a large number of cases decided by the Supreme Judicial Court of that State as show-

ing the proper construction and application of that provision. They also quote at length from the opinion in one of those cases.

But we could not properly take judicial notice of the law of Massachusetts as shown by that statutory provision and those cases. The respondents had their opportunity, in the hearing of this case in the Superior Court, to introduce evidence of such law. They had full knowledge of the complainant's contention that the contract was made in Massachusetts and governed by its law. Yet they offered no such evidence, apparently relying on their contentions that the contract was a Rhode Island one and that, if it was a Massachusetts contract and thus governed by the law of that State, such law must, in the absence of evidence thereof, be presumed to be the same as the *statutory* law of this State, which would be applicable, if the contract were made here.

Both of these contentions were fully considered by this court and overruled in its opinion recently filed. It is now too late to offer to show in this court what the pertinent Massachusetts statutory provision was and how it has been construed and applied by the highest court of that State.

The second contention made by the respondents is that "the reservation in the note of Timothy V. Wholey of the rights of surrender values under the policy has not been considered by this court." The reservation referred to is the language following the word "terminate" in the statement at the end of the note "that if it is not paid when due, without grace, said policy shall, without further notice, become void and the insurance thereunder then terminate, subject to the conditions contained therein relating to surrender values."

This reservation was considered by this court and it was shown in the opinion that by the conditions of the policy under the title of "surrender values", the only provision for "extended insurance" required that in order to become entitled to such insurance the insured must elect to have

it "by written notice filed at the home office, within the days of grace", and that the insured had never made any such election *at any time.*

Under the same title it was provided, in the event of the lapse of the policy after payment of premiums for three years, that if the insured did not thus elect to have either extended insurance or to have the cash surrender value of the policy, it should "become effective automatically for paid-up insurance, payable in one sum." Of this paid-up insurance the respondents will have the full benefit under the decree of the Superior Court as affirmed by this court. None of the cases cited by the respondents in support of this contention of theirs is in point, because the provisions as to extended insurance in the policies involved therein are radically different from the corresponding provision involved in the instant case.

The other contentions of the respondents in their motion for a reargument have also been fully considered by this court in arriving at its decision, and we do not find in the motion any sufficient reason for granting it.

Motion denied.

*Claude R. Branch, F. H. Nash & E. K. Nash,* for complainant.

*Comstock & Canning, Andrew P. Quinn,* for Industrial Trust Company.

*Joseph E. Beagan, Robert P. Beagan,* for respondent Elizabeth V. Wholey.